ZACK v. GANS et al.

(Supreme Court, Appellate Term. January 5, 1912.)

1. CONTRACTS (§ 295*)—PERFORMANCE—BREACH.

Plaintiff contracted to perform work according to defendants' plans and specifications; a substantial performance, if satisfactory to the tenement house department and architects, to be sufficient. Defendants agreed to an amendment of the plans in certain particulars, if approved by the tenement house department, and, this approval having been secured, the plans were amended, and plaintiff substantially performed the contract according thereto. Held, that the filing of a violation against the premises by the building department, because the plans on file had not been changed to conform to the amendment, was no defense to plaintiff's right of action on the contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 295.*]

2. CONTRACTS (§ 327*)—BUILDING CONTRACTS—OWNER'S LIABILITY—LIEN.

Where a building contract provided that if, at any time when a payment was due, there should be any lien or claim chargeable to the contractor for which the owner might be made liable, he might retain a sum sufficient to furnish complete security against the lien or claim, until it has been conclusively and finally discharged, the contractor was not entitled to recover the full balance of the contract price in the face of evidence of a mechanic's lien filed against the owners for services rendered to the contractor under such contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1563; Dec. Dig. § 327.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Morris Zack against Emil Gans and another. From a judgment in favor of plaintiff, defendants appeal. Reversed conditionally.

See, also, 128 N. Y. Supp. 737.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Jacob I. Berman, for appellants.

Isaac S. Heller (M. E. Kelley and C. S. Lorentzen, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. [1] The plaintiff agreed to perform certain work for the defendants according to plans and specifications. The contract contained a clause that "substantial performance" shall be satisfactory to the owners, if satisfactory to "departments and architects." It was shown that when this contract was made the defendants stated that they would be satisfied to have the plans amended in certain particulars, if the tenement house department approved. The architect secured the approval of the tenement house department to an amended plan, and the plaintiff substantially performed the contract according to the amended plans. This testimony did not vary the written contract, but simply showed the authority of the architect to amend the plans and thereby to waive strict performance. A violation was subsequently filed against these premises by the building department, but it was shown that this violation was filed because the defendants and their architect had failed to amend the plans on file in the building department after the amendment was permitted by the tenement house department. The violation was not filed because of a defect in the plaintiff's work, but because of the neglect of the defendants and their agent.

[2] The contract also provided that if, at the time when any payment becomes due, there shall be any lien or claim chargeable to said contractor for which the owner may at any time be made liable, the owner shall have the right to retain and hold a sum to furnish complete security against said lien or claim until it has been conclusively and finally discharged, satisfied, and canceled. The evidence shows that a mechanic's lien for the sum of $52 has been filed against the plaintiff as contractor and the defendants as owners. The lienor testified that this lien was for services rendered under a contract with plaintiff, and not under another contract which he had directly with the defendants. Nevertheless the trial justice struck all testimony as to the lien from the record. Possibly this lien may, after a trial, be held not chargeable against the plaintiff; but that issue could not be decided in an action to which the lienor was not a party. The defendants had the right to stand upon their contract, and to protect themselves against any claim against plaintiff for which they might be made liable.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event, unless the plaintiff consents to a reduction of the judgment by the sum of $52 and interest from the date of the filing of the lien, without prejudice to his right to bring a new action for the sum retained. If the plaintiff consents to such reduction, the judgment should be modified accordingly, and, as modified, affirmed, without costs on this appeal. All concur.